Matthew T. Mglej
Phone: 503-330-3348
MatthewMglej@Gmail.com
604 SE 67th Ave
Hillsboro, OR 97123
Plaintiff



# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| MATTHEW T. MGLEJ<br><br>**Plaintiff**<br><br>v.<br><br>MULTNOMAH COUNTY, a political subdivision of the state of Oregon; MULTNOMAH COUNTY SHERIFF'S OFFICE, a subdivision of the state of Oregon, MULTNOMAH COUNTY DEPARTMENT OF CORRECTIONS , a subdivision of the state of Oregon; PORTLAND POLICE BUREAU, a subdivision of the state of Oregon, OFFICER CRAIG DOBSON, an officer of the City of Portland; OFFICER SARAH PAYTON, an officer of the City of Portland; OFFICER ENGSTROM, an officer of the City of Portland; OFFICER NEWHARD, an officer of the City of Portland and JOHN DOES I-X, CITY OF PORTLAND as follows:<br><br>**Defendants** | **AMENDED COMPLAINT**<br><br>**JURRY DEMANDED**<br><br>Case Number: 3:15-cv-00096-MO<br><br><br>Honorable Judge: Michael W. Mosman |

Plaintiff MATTHEW MGLEJ ("Mr. Mglej" or "Plaintiff"), a pro se litigant,

hereby complains of the defendants MULTNOMAH COUNTY, a political subdivision of

the state of Oregon; MULTNOMAH COUNTY SHERIFF'S OFFICE, a subdivision of

the state of Oregon; MULTNOMAH COUNTY DEPARTMENT OF CORRECTIONS ,

a subdivision of the state of Oregon; PORTLAND POLICE BUREAU, a subdivision of

the state of Oregon; OFFICER CRAIG DOBSON, an officer of the City of Portland;

OFFICER SARAH PAYTON, an officer of the City of Portland; OFFICER

ENGSTROM, an officer of the City of Portland; OFFICER NEWHARD, an officer of

the City of Portland and JOHN DOES I-X, as follows:

## PARTIES

1. Plaintiff, MATTHEW MGLEJ, is an individual residing in Portland, Oregon and at all times relevant to this case was a resident of the state of Oregon.

2. Defendant MULTNOMAH COUNTY is and at all times relevant to this case was a political subdivision of the state of Oregon.

3. Defendant MULTNOMAH COUNTY SHERIFF'S OFFICE is and at all times relevant to this case was a subdivision of the state of Oregon.

4. Defendant MULTNOMAH COUNTY DEPARTMENT OF CORRECTIONS is and at all times relevant to this case was a subdivision of the state of Oregon located in Multnomah County.

5. OFFICER CRAIG DOBSON is a resident of State of Oregon, and at all times relevant to this case was an officer of the City of Portland.

6. OFFICER SARAH PAYTON is a resident of State of Oregon, and at all times relevant to this case was an officer of the City of Portland.

7. OFFICER ENGSTROM is a resident of State of Oregon, and at all times relevant to this case was an officer of the City of Portland.

8. OFFICER NEWHARD is a resident of State of Oregon, and at all times relevant to this case was an officer of the City of Portland.

9. That the true names or capacities, whether individual, corporate, associate or otherwise of Defendants DOES I-X, inclusive, are unknown to the Plaintiff who therefore sues Defendants by fictitious names. Plaintiff is informed and believes and thereon

alleges that each of the Defendants designated herein as a DOE is responsible in some

manner for the events and happenings herein referred to and caused injury and damages

proximately thereby to the Plaintiff as alleged herein; that Plaintiff will ask leave of this

Court to amend this Complaint to insert the true names and capacities of said DOE

Defendants, inclusive, when the same have been ascertained by Plaintiff together with

appropriate charging allegations, and to join such Defendants in this action.


## JURISDICTION & VENUE

10. The Court has jurisdiction of this action under 42 U.S.C. § 1983 as the

Defendants acted under color of state law, and caused Plaintiff, as a citizen of the United

States to be subjected to the deprivation of rights, privileges, and immunities secured by

the Constitution and laws of the United States.

11. This Court has jurisdiction pursuant to 28 U.S.C § 1331 as this is case is a civil

action arising under the Constitution of the United States, as permitted through 42 U.S.C

§ 1983 and the application of the United States Constitution to the states and their

subdivisions through the Fourteenth Amendment to the United States Constitution.

12. Venue is proper in this Court pursuant to 28 U.S.C § 1331(b) as all defendants

reside in the district of Oregon and a substantial part of the events or omissions give rise

the claims in the Complaint occurred in the judicial district of Oregon.


## GENERAL ALLEGATIONS

13. In or about May 23, 2014, Mr. Mglej with his service animal Belle Rosa Yuna Mglej

arrived near SW 3rd Avenue and SW Salmon Street, Via foot. Mr. Mglej was fully

clothed in a designer suit.

14. In  Mr. Mglej possession where an I-pad, Violin, Poster, pens, a Towel, and a back

pack with food and water for Belle Rosa Yuna Mglej.

15. Upon Arriving in front of the federal court house Mr. Mglej placed his property down

directly in front of the inscribed quote "THE BOISTEROUS SEA OF LIBERTY IS

NEVER WITHOUT A WAVE." -Thomas Jefferson

16.  Mr. Mglej started his demonstration with unclothing him self and laying down his

suit in a metaphorical strawman.

17. Through out the course of time Mr. Mglej intermittently played his violin as

onlookers took pictures, chanted, cheered, and endorsed Mr. Mglej's Demonstration.

18. Mr. Mglej while demonstrating began writing out messages on his poster quoting

figures such as Mahmoud Ahmadinejad.

### Initial Responses officers harass and Impede Mr. Mglej's Demonstrations and constitutional right of Freedom Of Expression

19. Known Initial response officers Sgt Axthelm, Officer Arnaut, acting Lieutenant

Dobson, and officer payton approach Mr.Mglej and begin interrogating and harassing

Mr.Mglej.

20. Mr. Mglej is forced to interrupt his demonstration out of fear the officers will cause

bodily harm. At this point Mr. Mglej fears for his life and safety due to officers holding

their hands on their guns.

21. Mr Mglej pulls out his I-pad and begins showing officer court verdicts such as State

v. John E. Brennan, State v. Gatewood, and pulled up the Oregon Constitution Article 1,

Section 8 which state Mr. Mglej protest is legal.

22. The Initial response officers continue hassling Mr. Mglej continuously  make threats

and lies, informing Mr. Mglej he was on Federal Property so nothing he cited mattered.

23. The initial response officers refuse to allow onlookers to ask questions, read Mr. Mglej's Posters, and continue to impede Mr. Mglej's peaceful demonstration.

24. After over an Hour of hassling, threats, and intimidation, Mr. Mglej continues siting court rulings, The Oregon constitution, and state laws, the officers leave.

25. Upon the officers leaving many onlookers applaud and cheer and approach Mr. Mglej Asking questions and offering gifts.

26. Over the next few hours many Portland residents continue approaching endorsing and praising Mr. Mglej taking pictures, offering gifts, food, blankets, and pillows. At one point a women ties a necklace around Mr. Mglej's Neck.

*Arresting Officers Arrest, Unlawfully Detain, and Separate Mr. Mglej from his service animal, Violating United State and Oregon Constitutional Rights, Causing severe Pain and Suffering.*

27. Mr. Mglej experience pain and suffering from mental stress which is amplified from his extreme PTSD, Autism, and social anxiety due to his interaction with the initial response officers.

28. Mr. Mglej's Service animal performed some of her trained tasks notifying him of his high stress level, alleviating his stress, and calming his PTSD.

29. Mr. Mglej was sitting meditating attempting to relieve stress from his prior encounter with law enforcement.

30. While peaceful demonstrating under his constitutional rights. Mr. Mglej was violently grabbed by two officers presumably Officer Payton, and Sergeant Engstrom.

31. The officer proceed to force Mr. Mglej's hands behind his back and place handcuffs tightly around his wrist.

32. Mr. Mglej informs the arresting officers he believe they are illegally detaining him and is choosing to remain silent and remain passive until he can speak with his Attorney.

33. At this time a Male Officer Doe separated Mr. Mglej from his service animal. Placing the service Animal in the back of a patrol car.

34. Officer Payton and Sergeant Engstrom panicking make several attempts trying to pick up Mr. Mglej and repeatedly drop Mr. Mglej

35. After several Attempts both officers panic even further and start dragging Nude Mr. Mglej across the concrete surface causing severe pain and suffering.

36. Mr. Mglej service animal was in a patrol car were Mr. Mglej was being dragged.

37. The Service Animal recognizing his owners pain, suffering, and PTSD occurring, she exited from the open door in an effort of performing her training.

38. After some time roaming freely with out any officer noticing, Presumably Officer Newhard finally secures Mr. Mglej's Service animal's leash.

39. The Arresting officers continue dragging Mr. Mglej until they reach the front of the Patrol car, dropping Mr. Mglej on the curb or the sidewalk.

40. The Officer appearing exhausted made several attempts of placing Mr. Mglej in the Patrol dropping him repeatedly on the patrol car and curb of the sidewalk. Inducing severe pain and suffering further injuring Mr. Mglej.

41. Mr. Mglej suffers from documented chronic back pains which the incident only worsened.

42. The Officer Exhausted pick up Mr. Mglej and half way through carrying Mr. Mglej

into the Patrol Car drop him on his head and his falling body slams his handcuffs on the car seat making audible clicking sounds. Thus causing more pain and suffering tightening the handcuffs even further

43. The Officers then Began rolling Mr. Mglej into the car further contorting Mr. Mglej and in the process causing audible clicks of the handcuffs. Causing further pain and suffering.

44. The Officers shut the door on Mr. Mglej leaving him the patrol car up side down. Mr. Mglej's hands began to sting and become numb.

45. Officers Take Mr. Mglej's service animal to an undisclosed location. Over the course of tracking down and recovering Mr. Mglej's service animal, he went through extreme panic attacks triggered by the events. Mr. Mglej service animal is trained to alleviate. This caused days of Extreme emotional pain and suffering.

### *Officer Doe's Cruelly Tether Mr. Mglej's Handcuffs and Slam him through ISO04 Door Repeatedly Causing Lacerations, Severe Pain, and Suffering.*

46. While in the patrol Car Mr. Mglej's handcuffs are now at his knees from the rolling of the Arresting Officers.

47. At this point, Mr. Mglej is only capable of removing his head from the ground and sitting up straight by placing his handcuffs in front of him.

48. Mr. Mglej Arrives at Multnomah County Department of Corrections and one officer instructs the other to "drag him out of the car onto the ground" Mr. Mglej is pulled out of the patrol Vehicle onto the ground by the Doe Officer.

49. Doe Officers pick up Mr. Mglej Unhand-cuff him notice the purple and red where the hands where prior.

50. Doe Officers Place Mr. Mglej's hands behind his back says to Mr. Mglej, "So you wanna be a tough guy," and secures the handcuffs extremely tight on Mr. Mglej's wrist. Causing more Pain and Suffering.

51. Doe Officer forces Mr. Mglej to stand up by placing his wrist in a pronating wrist-wlock at such an extreme Mr. Mglej's palm is touching his forearm, Cruelly inducing more pain and suffering

52. Mr. Mglej Was taken to booking where he informed the counter if their are no arresting officers present he is restating he is choosing to remain silent and passive until he can speak with Counsel.

53. Officer Does grab Mr. Mglej and replace him in a pronating wristlock twisting and turning his wrist repeatedly with handcuffs on in effort to cause a reaction out of Mr. Mglej. Thus Causing more pain and suffering

54. At this point, Mr. Mglej looks over at Smiling Officer Doe who point's to his badge and name saying, "Go ahead report me see if I care."

55. Officer Does carry Mr. Mglej to Isolation Chamber 04 and try to unhand-cuff Mr. Mglej when Officer Doe mentions to the other officer he has never done a tethering before and this is a great time to practice.

56. Officers tether Mr. Mglej's handcuffs and feed the tether through the cubby hole of Isolation Chamber 04 and lock Mr. Mglej into the Chamber.

57. Officer Doe Inexperience in the process begins pulling on the tether pulling Mr. Mglej against the door of the chamber.

58. Mr. Mglej's fingers are sticking out the cubby hole and the Handcuffs catch on the cubby hole door and are now stuck. The Officer continues pulling and jerking on the

tethering causing pain and suffering.

59. At this point the handcuffs are so tight they do not move and Mr. Mglej's hands are going Numb.

60. Mr. Mglej breaks his silence due to extreme pain and informs Officer Doe that his handcuffs are caught on the door and if he gives him some slack he can bend down and feed his hand through the cubby hole.

61. Officer Doe Informs the other officer not to listen to Mr. Mglej and "Let me show you how its done"

62. Officer Doe Grabs the tether attached to Mr. Mglej and violently pulls on the tether slamming Mr. Mglej Against the door.

63. Mr. Mglej Begs out in pain pleading the officer to stop and allow him to bend down and slide his wrists through the cubby hole.

64. At this point, Officer Doe places his foot on the door and with all his might pulls the tether with such force Mr. Mglej is slammed to the ground from a standing position and now his entire arms up to his shoulder are sticking out the cubby hole.

65. Mr. Mglej screams out with pain, is unhand-cuffed and lands face first as his hands are shoved through the cubby whole

66. After the excessive and cruel use of force by Officer Doe, Mr. Mglej's hands are immobile, completely numb, and bleeding. Mr. Mglej's wrist are swollen to the size of his forearms and stippled with red and purple rings of the hands cuffs.

67. Mr. Mglej Cries out in pain showing his wrists to all of the officers standing in shock yelling "Look at what you did! I can't feel or move my hands, My wrist, My wrist are bleeding! I want pictures taken now"

68. Despite one officer saying "its superficial damage" The Officers immediately denied any accountability stating "Where not taking any pictures cause we didn't do that."

69. Mr. Mglej is now in unbearable pain and suffering and the cruel actions of the Officer Does and denial of any accountability trigger Mr. Mglej's PTSD.

70. Mr. Mglej falls to the floor crying and screaming in pain as the officer taunt him and call him insulting names referring to him as a "cry baby," and saying "ain't so tough now."

71. Mr. Mglej cries out for his service Animal repeatedly begging the officers "I need Belle, please Belle where are you, Belle I need your help." As he endured immense emotional and physical pain and suffering.

### Officer Doe's Taunt, Mistreat, and Deny Mr. Mglej his Constitutional rights in the Multnomah County Department of Corrections.

72. Mr. Mglej begins informing Officer he requires Medical Attention immediately showing his injured bleeding wrist.

73. Officers doe informs Mr. Mglej who is completely in the nude "I don't know how you did that, but you hid something and cut your self."

74. Mr. Mglej repeatedly makes request through out his entire illegal incarceration for Pictures to be taken, To speak with an Attorney, and Medical Attention. The Officers deny or blatantly ignore all of Mr. Mglej's Requests.

75. After some time in ISO04, Officer Doe Approaches Mr. Mglej's Cell door and asks him "Why are you cutting your self. You shouldn't cut your self its bad" After Mr. Mglej informs him the injuries are a result of Officer Does actions, Officer Doe ask "Why are you suicidal? trying to kill your self is bad."

76. Over several hours, Every individual employed approaching the ISO04 Informs Mr. Mglej he was suicidal and trying to kill him self and that his injuries are from him being suicidal and trying to kill him self.

77. Officer Does continually taunt Mr. Mglej with phrases such as " Cutter," "suicide boy," "Suicide is bad you shouldn't do it," "stop cutting your self."  All the above contributing to Mr. Mglej Mental Anguish, pain, and suffering.

78. Every thirty minutes or so an Officer would come by demanding to see Mr. Mglej's wrist threatening him with coercion. They would often remark, " Not yet," "still to swollen."

79. After 6-7 hours when the swelling, indents, bright and purple lines weren't as prominent  officer doe came in and took pictures of Mr. Mglej's Wrists.

80. After quite some time approximately 8-9 hours a lady identified her self as a nurse entered. Mr. Mglej informed her of the extreme pain, numbness, and little to no mobility in both hands. She informed him their is nothing she can do about it only clean off the blood and his wounds.

81. The Nurse asked a multitude of mental health questions and took an intake concluding Mr. Mglej doesn't appear suicidal.

82. After being illegal detained even further after the nurses intake, Officers Doe remove Mr. Mglej from his Cell to take Finger Prints.

83. Mr. Mglej informs the officers of the excruciating pain of his wrists and how even slightly moving them causes extreme pain and suffering.

84. Officer Doe Grabs Mr. Mglej's hand and says "Here let me help you then," twists  Mr. Mglej's hand violently and slams them onto the ink blot and repeats the procedure with

the opposite hand causing extreme cruel and unusual pain and suffering.

85.Officers Doe throw Mr. Mglej back into ISO04

87. Several hours later another employee approaches Mr. Mglej's Cell asking Mr. Mglej did he know his current location. Mr. Mglej responded hes in the basement of the Multnomah County Jail.

88. The employee repeats the exact same intake the previous nurse took and concludes the same state " Your not suicidal and I have no clue why your in here, well have you out in a few minutes."

89. Mr. Mglej his held in ISO04 for several more hours continually asking for an Attorney, Medical attention of a doctor, and when he will be released.

90. Officer Doe keep informing Mr. Mglej that he was suicidal and they can't release a suicidal individual into the streets with out an one of their health professional taking an Intake, despite Mr. Mglej having two intakes on false suicide allegations.

91. Officers then inform Mr. Mglej they wont have any one available for an Intake until the following day

92. After several more hours the officers transfer Mr. Mglej to a different cell.

93. Spending around 24 hour in an Isolation chamber, Multnomah County Department of Correction refused to provide Mr. Mglej with any food, water, Medical attention of a doctor, or a phone call with a lawyer.

94. Later in the morning the following day an individual performs an Intake of Mr. Mglej and concludes that she has no reason why Mr. Mglej is being held for so long.

## FIRST CAUSE OF ACTION

*(Unlawful Arrest and Detention under 42 U.S.C. 1983 and the Fourth Amendment of the United States Constitution as against Multnomah County, Multnomah County Sheriff's Office, Officer Craig Dobson, Officer Sarah Payton, Officer Engstrom, Officer NewHard, Portland Police Bureau, City of Portland)*

95. Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully set forth herein.

96. Plaintiff was handcuffed and arrested by Officer Payton and Sergeant Engstrom based on information from local calls that Mr. Mglej was creating a traffic hazards and state of alarm to passersby and employees.

97. Officer Payton and Sergeant Engstrom  was an authorized agent of City of Portland acting under color of state law.

98. Officer Payton and Sergeant Engstrom did not have a warrant to arrest Plaintiff

99. Officer Payton, Sergeant Engstrom handcuffed Plaintiff and placed him in a patrol car with the assistance of the Sheriff showing that their actions were under color of state law.

100. Officer Payton and Sergeant Engstrom took Plaintiff to the Multnomah County Jail in handcuffs despite the fact Mr. Mglej's actions are constitutional protected.

101. Officer Payton and Sergeant Engstrom actions were based on the practices and customs of Multnomah County's Sheriffs Office.

102. Plaintiff enjoyed the constitutional right to be free from unreasonable searches and seizures.

103. As a result of Officer Payton and Sergeant Engstrom unlawful search and seizure, they caused a violation of Plaintiff's constitutional rights.

104.  Intentionally and with malice the Plaintiff' had his federally protected rights violated  in violation of 42 U.S.C. § 1983.

105. As a result of Officers and City of Portland's Negligence when enforcing their Ordinance, Plaintiff suffered poor treatment in the Multnomah County Jail. In plaintiff's absence, his service animal was taken away from him in an undisclosed location.

106. As a result of the Officers and City of Portland, Plaintiff was damaged and entitled to recover general, compensatory, actual, consequential, and punitive damages in an amount of no less then $1,100,000.

## SECOND CAUSE OF ACTION

*(Use of Excessive Force under 42 U.S.C. 1983 and the Fourth Amendment of the United States Constitution as against Multnomah County, Multnomah County Sheriff's Office, Officer Craig Dobson, Officer Sarah Payton, Officer Engstrom, Officer NewHard, Doe Officer's, Portland Police Bureau, City of Portland)*

107. Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully set forth herein.

108. Officer Payton, Sergeant Engstrom, Officer Does arrested and handcuffed Plaintiff as an authorized agent of the City of Portland, Multnomah County, Multnomah County Sheriff's Office, Portland Police Bureau, thus acting under color of state law.

109. Officer Payton and Sergeant Engstrom put handcuffs on Plaintiff and secured them to tightly causing Plaintiff Physical pain and loss of feeling in Plaintiff's hands.

110. Officer Payton and Sergeant Engstrom then dragged Plaintiff in the nude across concrete into a patrol car showing they were acting under color of state law causing plaintiff pain, suffering, and lacerations across his feet and body.

111. Officer Payton and Sergeant Engstrom dropped Plaintiff repeatedly, specifically between the patrol car and curb.

112. Officer Payton, Sergeant Engstrom, Officer Does then carried Plaintiff into the car

dropping him on his handcuffs then began rolling Plaintiff into the car tightening the handcuffs even further the events caused the Plaintiff extreme physical pain, leaving his wrists red and swallow.

113. Once illegally incarcerated Officer Does placed the Plaintiff in extreme wrist locks and proceeded tethering Plaintiffs handcuffs and pull him through a cubby hole. The Actions taken caused the Plaintiff extreme physical pain, leaving his wrists red and swallow, bleeding, and resulting in severe nerve damage. Officers later continued physically forcing Mr. Mglej's injured wrists to turn in a manner he was incapable of doing.

114. The removal of the handcuffs from Plaintiffs wrist caused the detention and arrest of Plaintiff to be unnecessary, unreasonable, or excessively violent.Plaintiff suffered wrenching, stretching, twisting, and tearing of the soft tissue about the right shoulder and lower back, aggravation of pre-existing injury to the shoulder and lower back.

115. Officer Payton, Sergeant Engstrom, Officer Does exceeded the degree of force which reasonable and prudent law enforcement officer would have applied in make the detention or arrest under the same circumstances.

116. The Alleged crime charged against Plaintiff was not severe, Plaintiff posed no immediate threat to Officer Payton, Sergeant Engstrom, and Officer Does , and Plaintiff did not resist arrest, or detention and Plaintiff did not attempt to evade arrest by flight.

117. Plaintiff cooperated with Officer Payton, Sergeant Engstrom, and the Officer Does of the Multnomah County Department of Corrections and there was no need to secure the handcuffs so tightly or to remove them in such an unnecessary manner.

118. Officer Payton, Sergeant Engstrom, and the Officer Does of the Multnomah County

Department of Corrections were consistent with the practices and customs of the

Multnomah County Sheriff's Office and Multnomah County Department of Corrections ,

which is why they felt such actions could be taken.

119. As a result of Officer Payton, Sergeant Engstrom, and the Officer Does of the

Multnomah County Department of Corrections actions, Plaintiff was damaged and

entitled to recover general, compensatory, actual, consequential and punitive damages in

an amount of no less then $1,100,000.

120. Plaintiff is also entitled to attorney's fees, costs and expert witness fees pursuant

to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.


## THIRD CAUSE OF ACTION

*(Malicious Prosecution under 42 U.S.C. 1983 and the Fourth and Fourteenth
Amendments of the United States Constitution as against Multnomah County, Multnomah
County Sheriff's Office, Officer Craig Dobson, Officer Sarah Payton, Officer Engstrom,
Officer NewHard, Portland Police Bureau, City of Portland)*

121. Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though

fully set forth herein.

122.Officer Payton, Sergeant Engstrom, and Officer Does, acting as an agent of

Mutnomah County, and Multnomah County Sheriff's Office, and under color of state law,

arrested and booked Plaintiff into jail charging Plaintiff with Indecent Exposure, and

Interfering with a Peace Officer - False information, thus commencing a criminal

proceeding against Plaintiff.

123. The Charges against Plaintiff are soon to be dismissed resulting in a termination of

action in favor of Plaintiff because all of his actions where constitutional protected and

demonstrated many times prior in cases such as City of Portland v. Gatewood and State

of Oregon v. John Brennan the Plaintiff will ask leave of this court to amend this

complaint to insert the verdict of the pending case

124. The Criminal proceeding and confinement of Plaintiff was initiated maliciously

because there was no evidence to support Plaintiff's detention and on multiple instances

higher courts have ruled nudity protective speech yet the City Of Portland Refuses to

Modify its Ordinance and continues to enforce it.

125. As a result of Defendants actions, Plaintiff suffered poor treatment in Multnomah

County Department of Corrections. Was separated from his service animal.

126. As a result of Officer Payton, Sergeant Engstrom, and Officer Does,  Plaintiff was

damaged and entitled to recover general, compensatory, actual, consequential and

punitive damages in an amount of no less then $1,100,000.

127. Plaintiff is also entitled to attorney's fees, costs and expert witness fees pursuant

to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

### FOURTH CAUSE OF ACTION
*(First Amendment of the United States Constitution Violation as against Multnomah
County, Multnomah County Sheriff's Office, Officer Craig Dobson, Officer Sarah Payton,
Officer Engstrom, Officer NewHard, Portland Police Bureau, Officers Doe, City of
Portland)*

*128.* Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though

fully set forth herein.

129. Plaintiff enjoyed the constitutional right to freedom of speech,  peaceably assemble,

and petition the government for a redress of grievances on "public forums" such as

streets, sidewalks, and parks.

130. City of Portland has numerous incidents where court ruled nudity as demonstration

is constitutionally protected and the City still enforces the Ordinance when nudity is used as a demonstration. The City of Portland as Negligently refused to modify or amend its Ordinance and continues to enforce it.

131. Defendant's actions had and continue to have an unlawful chilling effect on Plaintiff's and others' right to free speech secured by the First Amendment to the United States Constitution.

132. Officer Payton, Sergeant Engstrom, and the Officer Does were consistent with the practices and customs of the Multnomah County Sheriff's Office and City of Portland, which is why they felt such actions could be taken.

133. As a result of Officer Payton, Sergeant Engstrom, and Officer Does,  Plaintiff suffered irreparable damage and is entitled to recover general, compensatory, actual, consequential and punitive damages in an amount of no less then $1,100,000.

134. Plaintiff is also entitled to attorney's fees, costs and expert witness fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

## FIFTH CAUSE OF ACTION
*(Cruel and Unusual Punishment under 42 U.S.C. 1983 and the Fourth Amendment of the United States Constitution as against Multnomah County, Multnomah County Sheriff's Office, Officer Craig Dobson, Officer Sarah Payton, Officer Engstrom, Officer NewHard, Doe Officers, Multnomh County Department of Corrections, Portland Police Bureau, City of Portland)*

135. Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully set forth herein.

136. Plaintiff was caused severe pain, blood loss ,and suffered nerve damage to his wrists.Plaintiff suffered wrenching, stretching, twisting, and tearing of the soft tissue about the right shoulder, aggravation of pre-existing injury to the shoulder, due to Officer

Payton, Sergeant Engstrom, and the Officer Does of the Multnomah County Department

of Corrections actions and City of Portland for Improperely or not training its Police

Department on how to handle such circumstances.

137. Plaintiff informed him he required his service animal and was denied.

138. Plaintiff was not allowed to call an attorney.

139. Plaintiff was denied medical attention and basic human necessities such as food and

water.

140. Plaintiff was taunted, ridiculed, coerced, subjected to various forms of Mental abuse

by Doe Officers thereby aggravating his Post Traumatic Stress Disorder.

141. Plaintiff was denied pictures of his wounds until many hours after the incident.

142. Plaintiff injured wrists where forcefully turned and slammed into ink.

143. Mr. Mglej was incarcerated even after three medical examiners cleared him.

144. Officer Payton, Sergeant Engstrom, and the Officer Does of the Multnomah County

Department of Corrections were agents of Multnomah County, Multnomah County

Department of Corrections when they caused damage to Plaintiff while acting under color

of State law.

145. the Treatment of Plaintiff by Officer Payton, Sergeant Engstrom, and the Officer

Does of the Multnomah County Department of Corrections  were consistent with the

customs and practices of Multnomah county Sheriff's office, Portland Police Bureau, and

Multnomah County Department of Corrections

146. As a result of the actions taken by Officer Payton, Sergeant Engstrom, and the

Officer Does of the Multnomah County Department of Corrections  Plaintiff suffered

irreparable damage and is entitled to recover general, compensatory, actual,

consequential and punitive damages in an amount of no less then $1,100,000.

147. Plaintiff is also entitled to attorney's fees, costs and expert witness fees pursuant

to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.


### SIXTH CAUSE OF ACTION
*(Unlawful Arrest and Detention under the Oregon Constitution Article I, Section 9 as against Multnomah County, Multnomah County Sheriff's Office, Officer Craig Dobson, Officer Sarah Payton, Officer Engstrom, Officer NewHard, Portland Police Bureau, City of Portland)*

148. Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though

fully set forth herein.

149. Plaintiff was handcuffed and arrested by Officer Payton and Sergeant Engstrom

based on information from local calls that Mr. Mglej was creating a traffic hazards and

state of alarm to passersby and employees.

150. Officer Payton and Sergeant Engstrom  was an authorized agent of Multnomah

County acting under color of state law.

151. Officer Payton and Sergeant Engstrom did not have a warrant to arrest Plaintiff

152. Officer Payton and Sergeant Engstrom handcuffed Plaintiff and placed him in a

patrol car showing that their actions were under color of state law.

153. Officer Payton and Sergeant Engstrom took Plaintiff to the Multnomah County Jail

in handcuffs despite the fact Mr. Mglej's actions are constitutional protected.

154. Officer Payton and Sergeant Engstrom actions were based on the practices and

customs of Multnomah County's Sheriffs Office and City of Portland's Negligence in

enforcing its Nudity Ordinance and refusal to properly train its Officers.

155. Plaintiff enjoyed the constitutional right to be free from unreasonable searches and

seizures.

156. As a result of Officer Payton and Sergeant Engstrom unlawful search and seizure,
they caused a violation of Plaintiff's constitutional rights.

157. Officer Payton and Sergeant Engstrom intentionally and with malice violated
Plaintiff of his constitutional rights.

158. Article I, Section 9 of the Oregon Constitution is self-executing.

159. Officer Payton and Sergeant Engstrom  actions caused Plaintiff to suffer a flagrant
violation of his constitutional rights because Plaintiff's right against unlawful arrest and
detention were sufficiently clear that a reasonable official would understand that Officer
Payton and Sergeant Engstrom actions violated Plaintiff's rights.

160. Existing remedies besides money damages do not redress the injuries that Plaintiff
has irreparably suffered.

161. As a result of Officer Payton and Sergeant Engstrom, Plaintiff suffered poor
treatment in the Multnomah County Jail. In plaintiff''s absence, his service animal was
taken away from him in an undisclosed location.

162. As a result of Officer Payton and Sergeant Engstrom, Plaintiff was damaged and
entitled to recover general, compensatory, actual, consequential, and punitive damages in
an amount of no less then $1,100,000.

163. Plaintiff is also entitled to attorney's fees, costs and expert witness fees pursuant

### SEVENTH CAUSE OF ACTION
*(Use of Excessive Force under the Oregon Constitution Article I, Section 9, Section 13,
and Section 16 as against Multnomah County, Multnomah County Sheriff's Office,
Officer Craig Dobson, Officer Sarah Payton, Officer Engstrom, Officer NewHard, Doe
Officers, Multnomh County Department of Corrections, Portland Police Bureau, City of
Portland)*

164. Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully set forth herein.

165. Officer Payton, Sergeant Engstrom, Officer Does arrested and handcuffed Plaintiff as an authorized agent of Multnomah County, Multnomah County Sheriff's Office, Portland Police Bureau, thus acting under color of state law.

166. Officer Payton and Sergeant Engstrom put handcuffs on Plaintiff and secured them to tightly causing Plaintiff Physical pain and loss of feeling in Plaintiff's hands.

167. Officer Payton and Sergeant Engstrom then dragged Plaintiff in the nude across concrete into a patrol car showing they were acting under color of state law causing plaintiff pain, suffering, and lacerations across his feet and body.

168. Officer Payton and Sergeant Engstrom dropped Plaintiff repeatedly, specifically between the patrol car and curb.

169. Officer Payton, Sergeant Engstrom, Officer Does then carried Plaintiff into the car dropping him on his handcuffs then began rolling Plaintiff into the car tightening the handcuffs even further the events caused the Plaintiff extreme physical pain, leaving his wrists red and swallow.

170. Once illegally incarcerated Officer Does placed the Plaintiff in extreme wrist locks and proceeded tethering Plaintiffs handcuffs  and pull him through a cubby hole. The Actions taken caused the Plaintiff extreme physical pain, leaving his wrists red and swallow, bleeding, and resulting in severe nerve damage. Officers later continued physically forcing Mr. Mglej's injured wrists to turn in a manner he was incapable of doing.

171. The removal of the handcuffs from Plaintiffs wrist caused the detention and arrest of

Plaintiff to be unnecessary, unreasonable, or excessively violent.

172. Officer Payton, Sergeant Engstrom, Officer Does exceeded the degree of force which  reasonable and prudent law enforcement officer would have applied in make the detention or arrest under the same circumstances.

173. The Alleged crime charged against Plaintiff was not severe, Plaintiff posed no immediate threat to Officer Payton, Sergeant Engstrom, and Officer Does , and Plaintiff did not resist arrest, or detention and Plaintiff did not attempt to evade arrest by flight.

174. Plaintiff cooperated with Officer Payton, Sergeant Engstrom, and the Officer Does of the Multnomah County Department of Corrections and there was no need to secure the handcuffs so tightly or to remove them in such an unnecessary manner.

175. Officer Payton, Sergeant Engstrom, and the Officer Does of the Multnomah County Department of Corrections were consistent with the practices and customs of the Multnomah County Sheriff's Office, City of Portland and Multnomah County Department of Corrections , which is why they felt such actions could be taken.

176. Officer Payton,Sergeant Engstrom, and Doe Officers intentionally and with malice violated Plaintiff of his constitutional rights.

177. Article I, Section 9, section 13, and section 14 of the Oregon Constitution is self-executing.

178. Officer Payton,Sergeant Engstrom, and Doe Officers actions caused Plaintiff to suffer a flagrant violation of his constitutional rights because Plaintiff's right to be free from excessive force during an arrest was sufficiently clear that a reasonable official would understand that Officer Payton,Sergeant Engstrom, and Doe Officers  actions violated Plaintiffs rights

179. Existing remedies besides money damages do not redress the injuries that Plaintiff has irreparably suffered.

180. As a result of Officer Payton, Sergeant Engstrom, and the Officer Does of the Multnomah County Department of Corrections actions, Plaintiff was damaged and entitled to recover general, compensatory, actual, consequential and punitive damages in an amount of no less then $1,100,000.

181. Plaintiff is also entitled to attorney's fees, costs and expert witness fees.

### EIGHTH CAUSE OF ACTION
*(Malicious Prosecution under the Oregon Constitution Article I, Section 9 and section 15 as against Multnomah County, Multnomah County Sheriff's Office, Officer Craig Dobson, Officer Sarah Payton, Officer Engstrom, Officer NewHard, Portland Police Bureau)*

182. Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully set forth herein.

183.Officer Payton, Sergeant Engstrom, and Officer Does, acting as an agent of Mutnomah County, and Multnomah County Sheriff's Office, and under color of state law, arrested and booked Plaintiff into jail charging Plaintiff with Indecent Exposure, and Interfering with a Peace Officer - False information, thus commencing a criminal proceeding against Plaintiff.

184. The Charges against Plaintiff are soon to be dismissed resulting in a termination of action in favor of Plaintiff because all of his actions where constitutional protected and demonstrated many times prior in cases such as City of Portland v. Gatewood and State of Oregon v. John Brennan the Plaintiff will ask leave of this court to amend this complaint to insert the verdict of the pending case.

185. The Criminal proceeding and confinement of Plaintiff was initiated maliciously

because there was no evidence to support Plaintiff's detention

186. As a result of Defendants actions, Plaintiff suffered poor treatment in Multnomah

County Department of Corrections. Was separated from his service animal.

187. As a result of Officer Payton, Sergeant Engstrom, and Officer Does,  Plaintiff was

damaged and entitled to recover general, compensatory, actual, consequential and

punitive damages in an amount of no less then $1,100,000.

188. Plaintiff is also entitled to attorney's fees, costs and expert witness fees pursuant


## NINTH CAUSE OF ACTION
*(Freedom of Speech Violation under Oregon Constitution Article I, Section 8 as against*
*Multnomah County, Multnomah County Sheriff's Office, Officer Craig Dobson, Officer*
*Sarah Payton, Officer Engstrom, Officer NewHard, Portland Police Bureau, Officers*
*Doe,City of Portland)*

*189.* Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though

fully set forth herein.

190. Plaintiff enjoyed the constitutional right to freedom of speech,  peaceably assemble,

and petition the government for a redress of grievances on "public forums" such as

streets, sidewalks, and parks.

191. A violation of the First Amendment's right to free speech constitutes irreparable

harm. Elrod v. Burns 427 U.S. 347 (1976).

192. Defendant's actions had and continue to have an unlawful chilling effect on

Plaintiff's and others' right to free speech secured by the Oregon Constitution Article I,

Section 8.

193. Officer Payton, Sergeant Engstrom, and the Officer Does were consistent with the

practices and customs of the Multnomah County Sheriff's Office and City of Portland

who failed to properly train their officers and Continues enforcing their Ordiance, which

is why they felt such actions could be taken.

194. As a result of Officer Payton, Sergeant Engstrom, other defendants and Officer

Does,  Plaintiff suffered irreparable damage and is entitled to recover general,

compensatory, actual, consequential and punitive damages in an amount of no less then

$1,100,000.

195. Plaintiff is also entitled to attorney's fees, costs and expert witness fees

### TENTH CAUSE OF ACTION
*(Cruel and Unusual Punishment under the Oregon Constitution Article I, Section 13 as*
*against Multnomah County, Multnomah County Sheriff's Office, Officer Craig Dobson,*
*Officer Sarah Payton, Officer Engstrom, Officer NewHard, Doe Officers, Multnomh*
*County Department of Corrections, Portland Police Bureau)*

196. Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though

fully set forth herein.

197. Plaintiff was caused severe pain, blood loss ,and suffered nerve damage to his

wrists. Doe Officers Made Harmful contact when they forcibly tethered and removed the

handcuffs from Plaintiff's wrist which caused Plaintiff extreme pain and nerve

damage.Plaintiff suffered wrenching, stretching, twisting, and tearing of the soft tissue

about the right shoulder, aggravation of pre-existing injury to the shoulder. due to Officer

Payton, Sergeant Engstrom, and the Officer Does of the Multnomah County Department

of Corrections actions

198. Plaintiff informed him he required his service animal and was denied. The Sheriff a

"Final Policy maker" was aware of Mr. Mglejs ADA Violations and constitutional

violations.

199. Plaintiff was not allowed to call an attorney.

200. Plaintiff was denied medical attention and basic human necessities such as food and water.

201. Plaintiff was taunted, ridiculed, coerced, subjected to various forms of Mental abuse by Doe Officers thereby aggravating his Post Traumatic Stress Disorder.

202. Plaintiff was denied pictures of his wounds until many hours after the incident.

203. Plaintiff injured wrists where forcefully turned and slammed into ink.

204. Mr. Mglej was incarcerated even after three medical examiners cleared him.

205. Officer Payton, Sergeant Engstrom, and the Officer Does of the Multnomah County Department of Corrections were agents of Multnomah County, Multnomah County Department of Corrections when they caused damage to Plaintiff while acting under color of State law.

206. the Treatment of Plaintiff by Officer Payton, Sergeant Engstrom, and the Officer Does of the Multnomah County Department of Corrections  were consistent with the customs and practices of Multnomah county Sheriff's office, Portland Police Bureau, and Multnomah County Department of Corrections

207. Officer Payton,Sergeant Engstrom, and Doe Officers intentionally and with malice violated Plaintiff of his constitutional rights.

208. Article I section 13 of the Oregon Constitution is self-executing.

209. Officer Payton,Sergeant Engstrom, and Doe Officers actions caused Plaintiff to suffer a flagrant violation of his constitutional rights because Plaintiff's right to be free from cruel and unusual punishment was sufficiently clear that a reasonable official would understand that Officer Payton,Sergeant Engstrom, and Doe Officers  actions violated Plaintiffs rights

has irreparably suffered.

211. As a result of the actions taken by Officer Payton, Sergeant Engstrom, and the

Officer Does of the Multnomah County Department of Corrections  Plaintiff suffered

irreparable damage and is entitled to recover general, compensatory, actual,

consequential and punitive damages in an amount of no less then $1,100,000.

212. Plaintiff is also entitled to attorney's fees, costs and expert witness fees pursuant


## ELEVENTH CAUSE OF ACTION
*(Battery as to Officer Craig Dobson, Officer Sarah Payton, Officer Engstrom, Officer NewHard, Doe Officers, City of Portland)*

213. Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though

fully set forth herein.

214.  Officer Payton, Officer Dobson, Officer NewHard, and Sergeant Engstrom intended

to cause harmful or offensive contact with Plaintiff when they handcuffed and dragged

the Plaintiff, Causing extreme pain.

215. Doe Officers intended to cause harmful or offensive contact with Plaintiff when they

tethered Plaintiff .

216. Doe Officers Made Harmful contact when they forcibly tethered and removed the

handcuffs from Plaintiff's wrist which caused Plaintiff extreme pain and nerve damage.

Plaintiff suffered wrenching, stretching, twisting, and tearing of the soft tissue about the

right shoulder, aggravation of pre-existing injury to the shoulder.

217. As a result of the actions taken by Officer Payton, Officer Dobson, Officer

NewHard, Sergeant Engstrom, and the Officer Does of the Multnomah County

Department of Corrections  Plaintiff suffered irreparable damage and is entitled to

recover general, compensatory, actual, consequential and punitive damages in an amount

of no less then $1,100,000.

218. Plaintiff is also entitled to attorney's fees, costs and expert witness fees pursuant


## TWELFTH CAUSE OF ACTION
*(Assault as as to Officer Craig Dobson, Officer Sarah Payton, Officer Engstrom, Officer NewHard, Doe Officers, City of Portland)*

219. Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though

fully set forth herein.

220. Officer Payton, Officer Dobson, Officer Newhard and Sergeant Engstrom intended

to cause harmful or offensive contact with Plaintiff when they handcuffed and dragged

the Plaintiff, Causing extreme pain.

221. Doe Officers intended to cause harmful or offensive contact with Plaintiff when they

tethered Plaintiff .

222. Doe Officers Made Harmful contact when they forcibly tethered and removed the

handcuffs from Plaintiff's wrist which caused Plaintiff extreme pain and nerve

damage.Plaintiff suffered wrenching, stretching, twisting, and tearing of the soft tissue

about the right shoulder, aggravation of pre-existing injury to the shoulder.

223. As a result of  Officer Payton, Officer Dobson, Officer NewHard,Sergeant

Engstrom, and Doe Officers actions, Plaintiff was thereby put in imminent apprehension

of harmful or offensive contact

224. As a result of the actions taken by Officer Payton, Officer Dobson, Officer

NewHard, Sergeant Engstrom, and the Officer Does of the Multnomah County

Department of Corrections  Plaintiff suffered irreparable damage and is entitled to

recover general, compensatory, actual, consequential and punitive damages in an amount

of no less then $1,100,000.

225. Plaintiff is also entitled to attorney's fees, costs and expert witness fees pursuant

### THIRTEENTH CAUSE OF ACTION
*(Negligence as to Officer Craig Dobson, Officer Sarah Payton, Officer Engstrom, Officer NewHard, Doe Officers, City of Portland)*

226. Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though

fully set forth herein.

227. Officer Payton, Officer Dobson, Officer NewHard, Sergeant Engstrom, and the

Officer Does of the Multnomah County Department of Corrections had a duty to exercise

reasonable care while Plaintiff was in their custody and control

228.Officer Payton, Officer Dobson, Officer NewHard, Sergeant Engstrom placed

handcuffs that were to tight and dropped Plaintiff on his handcuffs.

229. Officer Does of the Multnomah County Department of Corrections failure to

properly handle Plaintiff and negligently tethering was the legal and proximate cause that

Plaintiff was injured by the removal of the handcuffs from plaintiff's wrist resulting in

severe pain and nerve damage.

230. Failure to train on proper handling of service animals and pretrial detainees with

service animals.

231. As a result of the actions taken by Officer Payton, Officer Dobson, Officer

NewHard, Sergeant Engstrom, The Officer Does, City of Portland of the Multnomah

County Department of Corrections  Plaintiff suffered irreparable damage and is entitled

to recover general, compensatory, actual, consequential and punitive damages in an

amount of no less then $1,100,000.00.

232. Plaintiff is also entitled to attorney's fees, costs and expert witness fees pursuant

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1. For an award of general, compensatory, actual, consequential and punitive

damages in an amount of no less than $1,100,000.00;

2. For an award of attorneys' fees, and expert fees and costs of suit pursuant to Rule 54 of

the Federal Rules of Civil Procedure;

3. For punitive damages based on Defendants intentional misconduct;

4. For such other and further relief as this Court deems just, equitable, and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands

a trial by jury in this matter on all triable issues.

March 13, 2015

Matthew T Mglej

Plaintiff